UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BELL'S BREWERY, INC.,

        Petitioner,

v.

BLUE RIDGE BEVERAGE COMPANY, INC.,

        Respondent.

Case No. 1:20-cv-246

Honorable _____

---

G. Will Furtado (P77848)
RHOADES McKEE PC
Attorneys for Petitioner
55 Campau Avenue NW, Suite 300
Grand Rapids, MI 49503
(616) 235-3500

Chad E. Kurtz
COZEN O'CONNOR, P.C.
Attorneys for Petitioner
1200 19th Street NW, Suite 300
Washington, DC 20036
(202) 463-2521

---

**PETITION TO COMPEL ARBITRATION
AND STAY ADMINISTRATIVE PROCEEDINGS**

Pursuant to § 4 of the Federal Arbitration Act (9 U.S.C. § 1, et seq) and 28 U.S.C. § 2283, petitioner Bell's Brewery, Inc. ("Bell's"), through undersigned counsel, petitions this Court to: (i) compel arbitration of the claims of respondent Blue Ridge Beverage Company, Inc. ("Blue Ridge") in accordance with the arbitration clause in the parties' Distributor Agreement ("Agreement"); and, (ii) stay the related administrative proceeding pending before the Virginia

Alcoholic Beverage Control Authority ("ABC Authority"). In support of this Petition, Bell's states as follows and relies on the accompanying Brief in Support:

## SUMMARY AND OVERVIEW OF THE ACTION

1. Petitioner Bell's is a brewery located in Kalamazoo, Michigan. Respondent Blue Ridge is a beer distributor. In June 2015, the parties entered into the Agreement. On February 1, 2019, Bell's notified the ABC Authority that it was immediately withdrawing all its products from all designated sales territories in the Commonwealth of Virginia, including those served by Blue Ridge. As a result, and although the Agreement contains an arbitration clause, Blue Ridge commenced an administrative proceeding with the ABC Authority. Bell's now petitions this Court to compel arbitration and stay the ABC Authority proceeding in accordance with the Agreement.

## PARTIES, JURISDICTION AND VENUE

2. Bell's is a Michigan corporation with a principal place of business located at 355 East Kalamazoo Avenue, Kalamazoo, MI 49007.

3. Blue Ridge is a Virginia corporation with a principal place of business located at 4446 Barley Drive, Salem, VA 24153.

4. This Court has subject matter jurisdiction over this Petition pursuant to Section 4 of the Federal Arbitration Act (9 U.S.C. § 4), and pursuant to 28 U.S.C. § 1332(a)(1) because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. This Court has jurisdiction over Blue Ridge under MCL 600.745(2) because Blue Ridge agreed to a forum selection clause enabling Bell's to require arbitration to occur in, among other places, Michigan.

6.      Venue is proper in this Court because, pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, a party should bring a petition to compel arbitration in the District where the parties agreed an arbitration must or could take place. The arbitration clause permits Bell's to select the place of arbitration, and Bell's wishes to have the arbitration take place within 25 miles of its principal place of business located at 355 East Kalamazoo Avenue, Kalamazoo, MI 49007, any which location would be within the judicial district encompassed by this Court.

## FACTUAL ALLEGATIONS

7.      Bell's is a brewery located in Kalamazoo, Michigan, and Blue Ridge is a wholesale beer distributor.

8.      On June 11, 2015, Bell's and Blue Ridge executed the Agreement, through which Bell's agreed to sell, and Blue Ridge agreed to buy and market in Virginia, certain of Bell's products. (Exhibit A).

9.      Paragraph 11 of the Agreement contains an arbitration clause:

11. DISPUTE RESOLUTION

(a) All claims disputes and other matters arising out of or relating to this Agreement, including the validity, legality, breach, or termination thereof, shall be decided by binding arbitration in accordance with the rules of the American Arbitration Association ("AAA"). Arbitration shall be conducted before a single arbitrator selected by the parties or, if they cannot agree to an acceptable arbitrator within 30 days, by the AAA. Notwithstanding any provisions of law or this Agreement, this agreement to arbitrate shall be enforceable under the Federal Arbitration Act, and any award shall be final and binding.

(b) The place of arbitration shall be selected by non-initiating party. The initiating party shall be the party that is the first to either: (a) initiate through the filing of a complaint, petition or similar paper a court or administrative proceeding (a "legal proceeding") arising out of or relating to this Agreement or the breach or termination thereof; or (b) request arbitration before either party has initiated a legal proceeding.

2382640_3

    (c) Notwithstanding any contrary provision of law, the arbitrator shall have no power to award punitive or exemplary damages or award any sum beyond compensation for actual damages suffered.

(*Id.*).

  10. On February 1, 2019, Bell's counsel sent a letter to the ABC Authority stating that Bell's was "immediately withdrawing all [its] products from all designated sales territories in the Commonwealth of Virginia, including specifically, the designated sales territories currently served by the following wholesale distributors: [listing seven distributors, including Blue Ridge]." (Exhibit B, at 1).

  11. Bell's counsel explained Bell's reasoning as follows:

> … Unfortunately, due to the legitimate business concerns associated with the continuing franchise litigation before the [ABC Authority], Bell's reluctantly has concluded that it must completely withdraw from conducting all business in the Commonwealth of Virginia. Bell's is a small brewery with modest financial resources that limit its ability to accept the degree of financial and other business risks associated with continuing to sell its products through Virginia wholesale distributors. Bell's is compelled to mitigate these business and financial risks and, as a consequence, has made this business decision to ensure its survival as a small independent business.

(*Id.*).

  12. Bell's counsel also sent a copy of the letter to Blue Ridge. (*Id.* at 2).

  13. Over ten months later, on December 6, 2019, Blue Ridge's counsel sent a letter to the ABC Authority stating that, since April 1, 2019, Bell's has refused to ship products to, or otherwise do business with, Blue Ridge. (Exhibit C, at 2). Blue Ridge argued Bell's actions violated the Virginia Beer Franchise Act, Va. Code Ann. § 4.1-500 *et seq.*, and Blue Ridge requested a hearing before the ABC Authority to address Bell's alleged statutory violations.

  14. On December 17, 2019, the ABC Authority sent a letter to Bell's counsel and Blue Ridge's counsel, stating in part, "Pursuant to … the Beer Franchise Act, the Board has the responsibility to determine if violations of the Act have occurred upon petition to any interested party. Therefore, I have forwarded this matter to the Hearings, Appeals, & Judicial Services

Division, to determine if violations of the Beer Franchise Act occurred, and if so, appropriate remedies." (Exhibit D).

15.     Because Blue Ridge refuses to submit to arbitration in accordance with the arbitration clause, Bell's now petitions this Court to compel arbitration pursuant to Section 4 of the Federal Arbitration Act (9 U.S.C. § 4), and to stay the proceedings of the ABC Authority pursuant to 28 U.S.C. § 2283.

**COUNT I – ORDER COMPELLING ARBITRATION PURSUANT TO 9 U.S.C. § 4**

16.     Petitioner incorporates by reference all preceding allegations as though fully restated herein.

17.     The Federal Arbitration Act ("FAA") applies to an arbitration clause in a "contract evidencing a transaction involving commerce," with "commerce" defined as "commerce among the several States," *i.e.*, interstate commerce. 9 U.S.C. §§ 1, 2.

18.     The Agreement is a contract involving interstate commerce because it requires Bell's to ship beer from Michigan to Virginia.

19.     The arbitration clause is a valid agreement to arbitrate because it is not against public policy or unconscionable.

20.     The arbitration clause encompasses Blue Ridge's claim that Bell's allegedly breached the Agreement: "All claims disputes and other matters arising out of or relating to … the … breach … [of the Agreement] shall be decided by binding arbitration." (Ex. A, ¶ 11(a)).

21.     Blue Ridge commenced an administrative proceeding before the ABC Authority in contravention of the arbitration clause of the Agreement.

22.     Blue Ridge refuses to arbitrate the parties' dispute.

23. In accordance with Paragraph 11(b) of the Agreement, Blue Ridge is the "initiating party" because it commenced an "administrative proceeding" by filing a "paper" with the ABC Authority.

24. Paragraph 11(b) permits Bell's, as the "non-initiating party," to select the place of arbitration.

25. Bell's wishes the arbitration to occur at a location within 25 miles of its principal place of business located at 355 East Kalamazoo Avenue, Kalamazoo, MI 49007.

WHEREFORE, Bell's respectfully requests that this Court grant its Petition and compel the arbitration of Blue Ridge's claim that Bell's allegedly improperly breached the Agreement, and any other claims by Blue Ridge against Bell's "arising out of or relating to [the] Agreement, including the validity, legality, breach, or termination thereof," with the arbitration to be held in accordance with the rules of the American Arbitration Association and at a location within 25 miles of 355 East Kalamazoo Avenue, Kalamazoo, MI 49007, as well as any other relief in favor of Bell's that this Court deems just and proper.

### COUNT II – STAY OF PROCEEDINGS OF VIRGINIA ABC AUTHORITY PURSUANT TO 28 U.S.C. § 2283

26. Petitioner incorporates by reference all preceding allegations as though fully restated herein.

27. On December 6, 2019, Blue Ridge commenced an administrative proceeding before the ABC Authority regarding claims arising from the Agreement and covered by the Agreement's arbitration clause.

28. Pursuant to 28 U.S.C. § 2283, a federal court may enjoin state-court proceedings "where necessary … to protect or effectuate its judgments."

2382640_3

29. An Order by a federal district court compelling arbitration in an independent proceeding is a final judgment. *See*, *e.g.*, *Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 894 (6th Cir. 2002).

30. If this Court enters an Order compelling arbitration, as requested by the Petition in Count I, this Court also should exercise its discretion under 28 U.S.C. § 2283 to stay the ABC Authority proceeding pending resolution of the arbitration.

WHEREFORE, Bell's respectfully requests that this Court stay the proceeding before the ABC Authority pending resolution of the arbitration.

Dated: March 19, 2020

RHOADES McKEE PC
Attorneys for Bell's Brewery, Inc.

By: /s/ G. Will Furtado
    G. Will Furtado (P77848)
Business Address:
    55 Campau Avenue, N.W., Suite 300
    Grand Rapids, MI 49503
    Telephone:  (616) 235-3500