UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BELL'S BREWERY, INC., ) | |
| Plaintiff, ) | |
| ) | No. 1:20-cv-246 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| BLUE RIDGE BEVERAGE COMPANY, INC., ) | |
| Defendant. ) | |
| ) | |

## OPINION

This matter is before the Court on Plaintiff Bell's Brewery's petition to compel arbitration (ECF No. 1). Defendant Blue Ridge Beverage Company opposes the petition (ECF No. 12). For the reasons to be explained, the Court will grant the petition and compel arbitration.

Bell's is a brewery located in Kalamazoo, Michigan. Blue Ridge is a beer distributor. The parties entered into a Distributor Agreement ("Agreement") in 2015 (*see* ECF No. 3-1). The agreement contains an arbitration clause that states:

> (a) All claims disputes and other matters arising out of or relating to this Agreement, including the validity, legality, breach, or termination thereof, shall be decided by binding arbitration in accordance with the rules of the American Arbitration Association ("AAA"). Arbitration shall be conducted before a single arbitrator selected by the parties or, if they cannot agree to an acceptable arbitrator within 30 days, by the AAA. Notwithstanding any provisions of law or this Agreement, this agreement to arbitrate shall be enforceable under the Federal Arbitration Act, and any award shall be final and binding.
>
> (b) The place of arbitration shall be selected by non-initiating party. The initiating party shall be the party that is the first to either: (a) initiate through the filing of a complaint, petition or similar paper a court or administrative proceeding (a "legal proceeding") arising out of or relating to this Agreement

> or the breach or termination thereof; or (b) request arbitration before either party has initiated a legal proceeding.
>
> (c) Notwithstanding any contrary provision of law, the arbitrator shall have no power to award punitive or exemplary damages or award any sum beyond compensation for actual damages suffered.

(*Id.* at ¶ 11.) When Blue Ridge's President, Robert Archer, signed the Agreement on June 4, 2015, he handwrote "I waive no rights under Virginia Law" under his signature (*Id.* at PageID.27).

On February 1, 2019, Bell's withdrew all of its products from all designated sales territories in the Commonwealth of Virginia, including those serviced by Blue Ridge. In response, on December 6, 2019, Blue Ridge commenced an administrative proceeding with the Virginia Alcoholic Beverage Control Authority ("ABC Authority") regarding Bell's alleged breach of the Agreement and alleged violations of Virginia's Beer Franchise Act ("BFA"), Va. Code. § 4.1-500, *et seq.*

On March 19, 2020, Bell's petitioned this Court to compel arbitration in accordance with the Agreement and stay the ongoing administrative proceedings (ECF No. 1). On May 21, 2020, the ABC Authority granted a temporary stay in the administrative proceedings, which will expire on August 19, 2020 (*see* ECF No. 22-1).

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, requires the arbitration of disputes involving interstate commerce where the parties have agreed to do so through a contractual arbitration clause. 9 U.S.C. §§ 1, 2. The FAA "manifests 'a liberal federal policy' favoring arbitration agreements.'" *Masco Corp. v. Zurich American Ins. Co.*, 382 F.3d 624, 626 (6th Cir. 2004) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460

U.S. 1, 24 (1983)). Courts are required to compel arbitration if a valid agreement to arbitrate exists and the specific dispute falls within the substantive scope of that agreement. *Id.* at 627. State law governs this analysis.

The Agreement's choice-of-law clause designates Virginia law (ECF No. 3-1 at ¶ 10). Under Virginia Law, an arbitration clause is valid if it is not against public policy or unconscionable. Va. Code § 8.01–581.01; *Bandas v. Bandas*, 430 S.E.2d 706, 707-09 (Va. Ct. App. 1993). If a valid arbitration clause exists, courts may presume arbitrability, meaning that the clause is applicable "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Mission Residential, LLC v. Triple Net Properties, LLC*, 654 S.E.2d 888, 890 (Va. 2008).

At first blush, this case is straightforward: The Agreement involves interstate commerce because Bell's ships its beer from Michigan to Virginia; the Agreement provides that any disputes initiated before a court or administrative body must be arbitrated; and the alleged breach of the Agreement is expressly contemplated as within the scope of arbitrable disputes (ECF No. 3-1 at ¶ 11(a), (b)). Arbitration appears mandatory. But Blue Ridge alleges that Archer's handwritten notation drastically changes that analysis: Blue Ridge reads the BFA to allow *only* the ABC Authority to determine whether violations of the BFA have occurred, not a panel of arbitrators or a court. Blue Ridge argues that Archer reserved that "right" to submit disputes exclusively to the ABC Authority. Thus, in Blue Ridge's view, the Court cannot compel arbitration.

Virginia Code § 4.1-509(A) provides, in relevant part: "The [ABC Authority], upon petition by any beer wholesaler or brewery . . . shall have the responsibility of determining

3

whether a violation of any provision of this chapter has occurred." Section 4.1-501 of the Code states that the BFA, including § 509(A), applies "to all agreements in effect on or after January 1, 1978." However, these statutes do not give the ABC Authority the *exclusive* right to determine whether violations of the BFA have occurred. A plain reading of § 509(A) shows that the ABC Authority has the responsibility of determining whether violations of the BFA have occurred, but not at the expense of any other authority's ability to shoulder that responsibility. Put differently, Blue Ridge's interpretation of § 509(A) would require it to read "shall have the *exclusive* responsibility," or something to that effect. But that is not how the law is written, and the Court cannot insert such language into the statute. Under Virginia law, the ABC Authority does not have the sole responsibility of determining whether the BFA has been violated.

This interpretation of the BFA is compatible with a panel of ABC Authority's recent interpretation of the intersection between the BFA and FAA. In May 2019, a panel of the ABC Authority determined that the BFA did not preclude it from compelling arbitration where the parties' agreement clearly required disputes to be arbitrated. *See* ABC Authority's decision on motion to dismiss and compel arbitration in *Loveland Distributing co., Inc. v. Bell's Brewery, Inc.*, dated May 7, 2019, at ECF No. 21-2. In that case, Loveland made a similar argument to Blue Ridge's argument here: that the ABC Authority has primary jurisdiction to decide disputes under the BFA and the parties cannot delegate that duty to an arbitrator. *Id.* at 15. The panel rejected that argument, finding that the BFA's "overarching theme" was fairness, and "[o]ne can scarcely conceive of anything more fair than enforcing the terms of an agreement the parties voluntarily entered." *Id.* at 17. After considering the

4

totality of the circumstances, the panel found that nothing in the BFA precluded arbitration, and compelled arbitration pursuant to the parties' agreement. *Id.* at 18.

The Court is aware that the ABC Authority vacated the *Loveland* panel opinion on appeal, holding that the panel as an administrative body did not have the authority to compel arbitration. *See* ECF No. 21-3, decision of the ABC Authority in *Loveland*. However, the ABC Authority did not abandon the panel's substantive findings that the BFA does not preclude arbitration. The Court finds the panel's interpretation of the BFA persuasive. Accordingly, the Court finds that there is no right under the BFA to have the ABC Authority and only the ABC Authority adjudicate disputes that may include violations of the BFA. That finding mandates the conclusion that Archer's handwritten notation does not alter the meaning of ¶ 11 of the Agreement. In turn, the Court must follow ¶ 11 and compel arbitration. *See Masco Corp.,* 382 F.3d at 627.

For the same reasons, the Court rejects Blue Ridge's argument that paragraphs 10 and 11 of the Agreement conflict: ¶ 10 provides that Virginia law (primarily the BFA) applies to the Agreement, and ¶ 11 requires disputes to be arbitrated. Under *Loveland,* nothing in the BFA precludes arbitration, so the paragraphs are not in conflict.

In sum, the Court concludes that the contract is binding on Blue Ridge and is clear: the present dispute must be arbitrated.

As a final note, the Court must consider the parties' arguments regarding abstention. If a Court has jurisdiction to decide a dispute, it should abstain from exercising that jurisdiction only in narrow circumstances. *See, e.g., Colorado River Water Conservation District v. United States,* 424 U.S. 800, 813 (1976). Blue Ridge argues abstention is proper

because this case is currently pending before the ABC Authority, but the ABC Authority has stayed its proceedings to allow this Court to decide Bell's petition (*see* ECF No. 22-1). Therefore, the factual circumstances that underly Blue Ridge's request for abstention no longer exist, and there is no reason why the Court should not exercise jurisdiction to decide the petition before it.

In sum: The Court finds that there is no right under Virginia law to have the ABC Authority decide whether violations of the BFA have occurred. Therefore, Archer's handwritten notation on the Agreement is of no consequence to interpretation of the Agreement's arbitration clause. That clause mandates the Court to compel arbitration, and the Court concludes that it may properly exercise its jurisdiction to do so. Because this decision enters while the ABC Authority's proceedings are stayed, the Court need not consider Bell's request to stay those proceedings (*see* ECF No. 22). Accordingly,

**IT IS HEREBY ORDERED** that Bell's petition to compel arbitration (ECF No. 1) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  August 7, 2020    /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge